NOONAN, Circuit Judge,
dissenting:
In Michigan v. Fisher, — U.S. -, 130 S.Ct. 546, 175 L.Ed.2d 410 (2009), police responded to “a complaint of a disturbance” at a named address. On arrival they found damaged fence posts on .the property and three broken windows in the home with the glass on the ground outside. Blood was on the hood of the truck, on clothes within it, and on one of the doors to the house. The police saw Fisher inside, standing, screaming and throwing things. Reversing the decision of the state court, the United States Supreme Court held that these facts constituted sufficient objective evidence of an emergency to justify the warrantless entry of Fisher’s home.
Dissenting, Justice Stevens noted the trial court’s finding “the police decision to leave the scene and not return for several hours — without resolving any potential dangerous situation and without calling for medical assistance — inconsistent with a reasonable belief that Fisher was in need of immediate aid.” Id. at 550.
The police had no objective evidence that anyone was in the house except Fisher. The police had no objective evidence that Fisher had injured himself seriously enough to need assistance. What they had was objective evidence of irrational behavior that might result in self-injury or injury to others.
In our case the police had evidence of a man behaving irrationally and doing so with a gun. Just as much as in Fisher’s case, the police had objective evidence of mindless violence and the possibility that the one committing it would have hurt others, a possibility all the greater because Espinoza was established as having used a gun.
United States v. Gooch, 6 F.3d 673 (9th Cir.1993) is incompatible "with Fisher, which effectively, although not expressly, overrules it. The Supreme Court has established that violent conduct within a home not known to be otherwise occupied, is a sufficient basis for officers to enter the home to see if there is any person in need of aid.